**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT DAVIS,<br><br>    Petitioner,<br><br>  vs.<br><br>R. LOPEZ,<br><br>    Respondent.<br>_____/ | No. CIV S-10-0474-GEB CMK-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's unopposed motion to dismiss the petition on the grounds that it is untimely and unexhausted (Doc. 12). Petitioner is challenging his 2006 conviction in the Superior Court of Sacramento County.

      **I.**    **MOTION TO DISMISS**

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in

1

lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

        A.        STATUTE OF LIMITATIONS

Respondent brings this motion to dismiss Petitioner's federal habeas corpus petition as filed beyond the one-year statute of limitations, pursuant 28 U.S.C. § 2244(d).

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits

decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, Petitioner states the date of his conviction was November 23, 2006. He then filed direct appeals in the State courts, receiving a denial of reviewed by the California Supreme Court on October 1, 2008. Petitioner did not file a writ of certiorari with the United States Supreme Court, so the statute of limitations period commenced ninety days later, or on December 31, 2008. Petitioner did not file any post conviction state habeas petitions, so is not entitled to any statutory tolling. As such, the statute of limitations period expired on December 20, 2009. His current federal habeas corpus petition was filed on February 25, 2010,[1] after the expiration of the statute of limitations. Thus, his petition is untimely and the motion to dismiss on this ground should be granted.

B.   EXHAUSTION

Respondent also argues that one of the claims raised in Petitioner's federal habeas petition is unexhausted as he failed to raise the claim in his petition for review filed with the California Supreme Court.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before the federal court can grant a claim presented in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v.

---

[1] Even providing Petitioner the benefit of the mailbox rule, his petition was signed on February 3, 2010, also after the expiration of the statute of limitations. See Houston v. Lack, 487 U.S. 266 (1988).

4

Pliler, 336 F.3d 839 (9th Cir. 2003). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

904 (9th Cir. 2001).

When faced with petitions containing both exhausted and unexhausted claim (mixed petitions), the Ninth Circuit held in Ford v. Hubbard that the district court is required to give two specific warnings to pro se petitioners:  (1) the court could only consider a stay-and-abeyance motion if the petitioner chose to proceed with his exhausted claims and dismiss the unexhausted claims; and (2) federal claims could be time-barred upon return to federal court if he opted to dismiss the entire petition to exhaust unexhausted claims.  See 330 F.3d 1086, 1099 (9th Cir. 2003).  However, the Supreme Court held in Pliler v. Ford that the district court is not required to give these particular warnings.  See 542 U.S. 225, 234 (2004).[3]  Furthermore, the district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005).  Therefore, in the absence of a stay-and-abeyance motion, the district court should dismiss mixed petitions and need not provide any specific warnings before doing so. See Robbins, 481 F.3d at 1147 (citing Rose, 455 U.S. at 510 (holding that the petitioner has the "choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court")).

In the instant case, Petitioner raises two claims in his petition, the first challenging the exclusion of evidence and the second challenging the use of peremptory challenges.  Only the first of these claims was included in Petitioner's petition for review filed with the California Supreme Court.  Thus, the petition filed in this action is a mixed petition and should be

///

---

[3] The Supreme Court did not address the propriety of Ninth Circuit's three-step stay-and-abeyance procedure which involves dismissal of unexhausted claims from the original petition, stay of the remaining claims pending exhaustion, and amendment of the original petition to add newly exhausted claims that then relate back to the original petition.  See Pliler, 542 U.S. at 230-31 (citing Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir. 1998)).

dismissed.  As Petitioner has not filed an opposition to the motion to dismiss, there is no request to consider a stay-and-abeyance proceeding and the motion to dismiss should be granted.

## II.     CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 1, 2010

　　　　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE